Filed 7/27/26  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086323 |
| v. | (Super.Ct.No. FEBA2500192) |
| PAUL RALPH HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Brian S. McCarville, Judge.  Affirmed in part; reversed as to sentence with directions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal, Assistant Attorneys General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

A jury found defendant and appellant Paul Ralph Hernandez guilty of being a felon in possession of a firearm, and the court sentenced him to the upper term of three years, doubled pursuant to a prior strike conviction. Defendant argues that he was not offered the right to a jury trial on the aggravating sentencing factors, and those factors were not properly proven. We vacate the sentence and remand for a new sentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Police officers stopped two vehicles associated with a robbery and searched the vehicles pursuant to a search warrant. Defendant was driving one of the cars. He had just bought two firearms. The police found a 9-millimeter pistol in his car and a semiautomatic pistol on his person.

Defendant was charged by amended information with entering an inhabited dwelling with the intent to commit felony theft while a person other than an accomplice was present (Pen. Code,[2] §§ 459 & 667.5, subd. (c)(21), count 1) and being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2). The information also alleged that defendant had one prior strike conviction (§§ 667, subds. (c), (e) & 1170.12, subd. (c)). The prosecution did not allege any aggravating factors in the information.

---

[1] Because the facts of the underlying offense are not relevant to the issue on appeal, we have only included a brief summary of the facts.

[2] All further statutory references are to the Penal Code unless otherwise noted.

2

A jury found defendant not guilty of theft, but guilty of being a felon in possession of a firearm.

At the outset of the sentencing hearing on June 13, 2025, the court noted it had read the probation officer's report and ordered it filed. The court then stated it had received a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and asked whether defendant was going to admit the prior strike. Defense counsel stated defendant was willing to admit it. The court addressed defendant and said it was alleged he had a prior strike which, if admitted, would have the effect of doubling his punishment and that there were "aggravating factors pled within the body of the Information."[3]

The court next stated the following: "Based upon your criminal record, you had an increasing level of seriousness in your criminal activity over the years such that if those were admitted or found true would have the effect of allowing the judge at the time of sentencing to … give you an aggravated term. [¶] With respect to whether or not you suffered a previous strike allegation or whether or not you suffered aggravating factors, you have the right to a court trial, a jury trial to be represented by your attorney at that trial on these limited issues." Defendant confirmed he understood his rights.

The court then stated: "Now, sir, after having those rights in mind, as to the strike allegation and the aggravating factors allegation, did you wish to waive, that's [*sic*] means give up that right and admit you suffered that previous robbery within the meaning of the so-called strike legislation and also admit that your criminal record as set forth in

---

[3] The amended information did not allege any aggravating factors. Additionally, there were no aggravating factors set forth in the probation report.

the probation officer's report can be considered by the Court as aggravating factors. Do you admit that?" Defendant said, "Yes."[4]

Defense counsel joined, and the People accepted the admissions. The court found that the admissions to the strike and the aggravating factors were knowingly and intelligently made, defendant had been advised of his rights, and he waived his rights.

The court denied defendant's *Romero* motion, denied probation, and said the question was whether or not the aggravating factors outweighed any mitigating factors. The court stated the probation report "adequately, in fact admirably, sets forth, starting at page 7" defendant's prior convictions. The court listed the convictions by year, from 1999 to the current conviction, stating their status as felonies or misdemeanors and their punishments. It then said, "I just don't find that the interest of justice would be served in doing anything but imposing aggregated term."

The court stated its tentative order would be to impose the upper term of three years, doubled pursuant to the strike, for a term of six years in state prison, and the parties submitted. The court said that its tentative would become the order and that it chose the aggravated term "based upon the alleged aggravating circumstances, together with the review of the very more than sketchy past that the defendant has exhibited since 1999 to the present, his performance on probation or parole, together with his numerous convictions on both felonies and misdemeanors."

---

[4] The court never advised defendant of which specific aggravating factors he was admitting.

DISCUSSION

Defendant Did Not Validly Waive His Right to a Jury Trial on the Aggravating Factors

Defendant contends the trial court erred in sentencing him to the upper term since it relied on aggravating factors that it determined on its own, without offering him a jury trial on the allegations; thus, the aggravating factors were not properly found true by a judge or jury. He argues that the failure to afford him a jury trial on the aggravating factors was prejudicial error, and that it was error for the court to rely on the probation report in imposing the factors, since the report is not a certified record of conviction. (§ 1170, subd. (b)(3).) The People argue that defendant waived his right to a jury trial on the aggravating factors when he "stipulated to the contents of the probation officer's report, which included the observation that his criminal conduct was of increasing seriousness, to prove aggravating factors." The People conclude the court's reliance on the probation report was proper, and the court was entitled to find that defendant's prior convictions were numerous and his prior performance on parole was unsatisfactory; further, any error was harmless beyond a reasonable doubt. We respectfully disagree with the People and remand for resentencing.

A. *Relevant Law*

Section 1170, subdivision (b)(1) provides that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Section 1170, subdivision (b)(2) provides that "the trial court may impose a sentence exceeding the middle term only

when circumstances in aggravation of the crime justify imposition of an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt' at a jury or court trial." (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*); see also *People v. Lynch* (2024) 16 Cal.5th 730, 759-760 (*Lynch*); § 1170, subd. (b)(2).) Rule 4.421 of the California Rules of Court (rule 4.421) provides a list of aggravating circumstances that must be "stipulated to by the defendant" or determined "beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Notwithstanding section 1170, subdivisions (b)(1) and (2), "the court 'may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.'" (*Lynch, supra*, 16 Cal.5th at p. 748; see also § 1170, subd. (b)(3).)

These provisions are subject to constitutional limitations under the Sixth Amendment. Specifically, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted.) For example, the *Wiley* court held that the defendant was "entitled to have a jury determine whether his prior convictions were of increasing seriousness and whether he had performed unsatisfactorily on probation, before the court could rely on those aggravating facts to find justification for an upper term sentence." (*Id*. at p. 1085.) Under the Fifth and Sixth Amendments to the federal Constitution, "a judge may 'do no more … than determine what crime, with what

6

elements, the defendant was convicted of.'" (*Erlinger v. United States* (2024) 602 U.S. 821, 838; see also *Wiley*, *supra*, 17 Cal.5th at p. 1076.) "The burden is on the People to prove beyond a reasonable doubt the facts relied on to justify an upper term sentence. If those facts are properly proven, the court may take them into account and exercise its discretion under section 1170(b) to determine what sentence to impose." (*Id*., at p. 1086.)

B. *Defendant's Waiver Was Not Knowing or Intelligent*

The court here imposed the upper term "based upon the *alleged aggravating circumstances*, together with the review of the very more than sketchy past that the defendant has exhibited since 1999 to the present, his performance on probation or parole, together with his numerous convictions on both felonies and misdemeanors." (Italics added.)

First, as we previously observed, there were no aggravating circumstances alleged, either in the amended information or in the probation officer's report. Specifically, the record shows the prosecution did not allege any aggravating factors in the amended information.[5] The probation officer accordingly stated in his report that "[t]here were no alleged circumstances in aggravation," and then himself stated "[t]here are no factors"

---

[5] We note our concern with defendant's admission of unpled and unspecified aggravating factors which increase the sentencing range above the presumptive middle-term maximum. (See § 1170 subds. (b)(1), (2).) In *People v. Lara* (2012) 54 Cal.4th 896 (*Lara*), our Supreme Court discussed its longstanding concern that a "jury's verdict [or plea] must authorize the sentence." (*Id.* at p. 904.) The *Lara* court referenced *People v. Ford* (1964) 60 Cal.2d 772, 794 for the broad proposition that findings, including but not necessarily limited to, enhancements that increase the range of sentencing should be pled and proven. (*Id*. at pp. 904-905.)

under California Rules of Court, rule 4.421(a), (b), and (c). The probation officer thus recommended the middle term.

Second, the court relied on the aggravating factors that defendant's "prior convictions are numerous" (rule 4.421(b)(2)) and that his "prior performance on probation, … or parole was unsatisfactory" (rule 4.421 (b)(5)), in imposing the upper term. However, the court's true findings constitute qualitative decisions that go beyond the bare fact of the existence of the prior convictions and, absent a waiver, he was entitled to a jury trial on them. (*Wiley, supra*, 17 Cal.5th at p. 1086 ["a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm"]; *Lynch, supra*, 16 Cal.5th at p. 759 ["An upper term sentence may be imposed 'only' when circumstances in aggravation 'justify' that term, and 'only' when the facts underlying 'those' justifying circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial"].)

The People argue the court explained to defendant that he had a right to a jury trial on his prior strike conviction and aggravating factors, and defendant "explicitly" waived his jury trial right when "he chose to admit the truth of the allegations and stipulated to the contents of the probation officer's report." Defendant contends he did not stipulate that the aggravating factors were true, but merely agreed the court could use the probation report's list of prior offenses to determine the factual issues (i.e., whether his

prior crimes were increasing in severity or were numerous and that he did not perform well on probation). We agree with defendant.

A defendant may waive his right to a jury trial on the aggravating factors, provided he does so personally and expressly. (See *People v. Collins* (2001) 26 Cal.4th 297, 308 (*Collins*).) "To be valid, the record must show the defendant's waivers of the right to a jury are knowing, intelligent, and voluntary. [Citation.] In making such a determination, we examine 'the totality of the circumstances' unique to each case." (*People v. Morelos* (2022) 13 Cal.5th 722, 753 (*Morelos*); see also *People v. Sivongxxay* (2017) 3 Cal.5th 151, 166; *People v. Daniels* (2017) 3 Cal.5th 961, 990 (*Daniels*).)

The record here shows the court informed defendant of his right to a jury trial "[w]ith respect to whether or not [he] suffered a previous strike allegation or whether or not [he] suffered aggravating factors." Defendant confirmed he understood his rights. However, the court then stated: "Now, sir, after having those rights in mind, as to the strike allegation and the aggravating factors allegation, did you wish to waive, that[] means give up that right and … admit that your criminal record as set forth in the probation officer's report can be considered by the Court as aggravating factors. Do you admit that?" Defendant said, "Yes."

Although defendant agreed the court could consider his criminal record as set forth in the probation officer's report "as aggravating factors," he was never told the nature of those factors. As previously noted, the prosecution did not allege any aggravating circumstances, and the probation officer's report stated definitively that there were no

aggravating factors. Further, at that point, the court had not specified the aggravating factors it would be relying on in imposing the upper term.**6**

Without a clear explanation that defendant was entitled to have a jury decide the truth of the specific aggravating factors that the court intended to use against him, or even notice of those aggravating factors, it cannot be said that he knowingly or intelligently waived his right to have a jury decide the truth of those specific aggravating factors, of which he was never made aware. Considering the totality of the circumstances, we conclude the record does not *affirmatively* show that defendant's waiver was knowing, intelligent, and voluntary. (*Daniels, supra*, 3 Cal.5th at p. 991 ["a reviewing court satisfies itself of a legitimate waiver only when the record affirmatively demonstrates it was knowing and intelligent"]; *Morelos*, *supra*, 13 Cal.5th at p. 753.)

We note the People's claim that the court was not required to obtain a certified record of conviction because defendant stipulated to the probation report to prove his aggravating factors. The People cite section 1170, subdivision (b)(3), which authorizes the trial court to "consider the defendant's prior convictions in determining sentencing

---

**6** The only aggravating factor the court had mentioned to defendant was that his crimes were of increasing seriousness. However, the court did not ultimately rely on the increasing seriousness of his crimes to impose the upper term; rather, it relied on his "numerous convictions on both felonies and misdemeanors" and his performance on parole.

In any event, the determination that a defendant's prior convictions are of increasing seriousness "requires a comparison and evaluation of the relationship among a defendant's prior convictions, and a determination as to their relative seriousness." (*Wiley, supra*, 17 Cal.5th at p. 1082.) The record here contains no such evaluation, and the evidence could rationally lead to a finding that defendant's convictions were *not* of increasing seriousness, since he was convicted of several felonies beginning in 1999, and was subsequently convicted of misdemeanors in 2004 and 2015.

10

based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) However, in *Wiley*, the Supreme Court explained that pursuant to section 1170, subdivision (b)(3)'s prior conviction exception, "a defendant is entitled to a jury trial on *all aggravating facts*, *other than the bare fact of a prior conviction* and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley, supra,* 17 Cal.5th at p. 1086, italics added.)

C. *The Error Was Not Harmless*

Because defendant was deprived of a jury trial on the aggravating facts used to justify imposition of the upper term sentence, and there was no knowing or intelligent waiver, we must now determine whether he was prejudiced by that error under the *Chapman* standard. (*Wiley, supra*, 17 Cal.5th at p. 1087; *Chapman v. California* (1967) 386 U.S. 18.) Under *Chapman*, a sentence must be reversed "'unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true *all* of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.'" (*Wiley*, at p. 1087, italics added.) "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid.*)

The probation report here shows that defendant had 16 convictions (14 felonies and two misdemeanors). The People argue that his convictions demonstrate "a significant increase in dangerousness and seriousness," while defendant argues his first

11

offense was his most serious, and he was subsequently convicted "only of less serious offenses with lower sentences."  Although the parties make these arguments, we again observe the court did not base the upper term on the increasing seriousness of defendant's prior convictions; rather, it cited "his numerous convictions on both felonies and misdemeanors."

Even if we assume for the sake of argument that the evidence proved defendant's convictions were numerous, we conclude the failure to conduct a jury trial on the second aggravating factor—unsatisfactory performance on probation or parole (rule 4.421(b)(5))—was prejudicial.  Under current case law, this aggravating factor "may be proved 'by evidence demonstrating that, while previously on probation or parole, [the defendant] committed and was convicted of new offenses.'  [Citation.]  Alternatively, proof may be 'based upon other evidence of misconduct that was not previously adjudicated in a criminal trial' such as evidence that the defendant 'did not appear for appointments, failed a drug test, or stopped attending counseling sessions as directed.'"  (*Wiley, supra*, 17 Cal.5th at p. 1083.)  The only evidence submitted here was the probation report, which merely indicated that defendant "[a]dmit[ted] violation of parole" in 2002 and 2005.  There was no discussion of his performance on probation or parole.  The probation officer apparently did not consider the two admissions of parole violation to be significant, as he stated "there [were] no aggravating factors" under rule 4.421 that affected the sentence.  Accordingly, the probation officer recommended that defendant be denied probation and sentenced to the middle term.

The People claim defendant's two parole violations "demonstrate[ed] his prior performance on parole was unsatisfactory." However, the probation officer's assessment shows "the record is also open to a different interpretation." (*Wiley, supra*, 17 Cal.5th at p. 1091.) Given the assessment that there were no aggravating factors affecting defendant's sentence, "we cannot discount the possibility that either counsel in a contested jury trial might have presented live testimony on this factor that would have affected the jury's determination … [or] … the possibility that a rational jury could have disagreed as to whether the People had proved that [defendant's] *overall performance* on probation [or parole] was unsatisfactory." (*Ibid*.) Accordingly, we cannot conclude that the deprivation of a jury trial was harmless beyond a reasonable doubt. (*Ibid*.)

Since we cannot conclude the lack of a jury trial was harmless beyond a reasonable doubt as to every aggravating fact the trial court used to justify the upper term sentence, defendant is entitled to a reversal and remand for resentencing. (*Lynch, supra*, 16 Cal.5th at p. 775.)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for a resentencing hearing in accordance with section 1170, subdivision (b). In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.
MENETREZ
J.

14